**PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP**
Michael L. Amaro, Esq. (Bar No. 109514)
Charles S. Yesnick, Esq. (Bar No. 228292)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
mamaro@prindlelaw.com
cyesnick@prindlelaw.com

ACCF0001
Attorneys for Defendant,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

| | |
|---|---|
| RICHARD RUSSO and STACY RUSSO,<br><br>Plaintiffs,<br><br>v.<br><br>ACCUFAB, INC. And DOES 1 TO 50, Inclusive,<br><br>Defendants. | CASE NO. ED CV12-01032 JAK (OPx)<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE THROTTLE BODY IN CALIFORNIA FOR EXPERT INSPECTION AND TRIAL ;[PROPOSED] ORDER THEREON**<br><br>Complaint Filed: June 12, 2012<br>Trial Date: April 15, 2014<br><br>[Case Assigned to Honorable John A. Kronstadt; and Magistrate Judge Oswald Parado] |

Defendant hereby applies for an *ex parte* hearing for an order granting Defendant's Motion to Compel to Produce the Throttle Body in California for Expert Inspection and Trial.

///

///

## COMPLIANCE WITH LOCAL RULES

**Meet and Confer**: Defendant has made multiple requests to Plaintiffs' counsel for the subject throttle body to be sent to California for expert inspection and trial. Defendant requested that the throttle body to be sent to California for expert inspection during the site inspection, over the phone, and through correspondence. (See **Exhibit A**, true and correct copies of correspondence dated January 21, 2014, January 20, 2014, January 17, 2014, and November 5, 2013 to Plaintiffs' counsel requesting that the throttle body be sent to California for expert inspection.)

Plaintiff has not responded to any of the requests.

**Opposing Party**: Daniel Sheldon at 301 North Lake Avenue, 7th Floor Pasadena, CA 91101; (626) 993-3900; dsheldon@ssnlaw.com. Andrew Pellino at 455 South 4th Street, Louisville, KY 40202; (502) 585-4700; pellinoa@obtlaw.com.

Note: All parties were given notice of this *Ex Parte* Application via email on January 21, 2014 at 8:53 a.m.

DATED: January 23, 2014

PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP

By: *Danielle Lincors /S/*
_____
DANIELLE LINCORS
Attorneys for Defendant,
ACCUFAB. INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The issue before this Court is whether to grant an *ex parte* application to shorten the time to hear Defendant's Motion to Compel Plaintiffs to Produce the throttle body in California for expert inspection and trial since the deadline to have all motions in this case heard and expert disclosure is February 3, 2014 and Defendant would be greatly prejudiced without it.

## II.   FACTS

On August 26, 2009, at Ohio Valley Raceway, Plaintiff Richard Russo drove his drag car into a wall. Plaintiffs allege that the crash was caused by a defective throttle body manufactured by Defendant.

On May 16, 2012, Plaintiffs filed a complaint against Defendant in California State Court for Products Liability. On June 27, 2012, this case was removed to the U.S. District Court, Central District of California, based on diversity jurisdiction.

On November 1, 2013, Defendant went to Kentucky for a site inspection and inspected the subject vehicle and throttle body. The throttle body was disassembled. Defendant discovered that Plaintiff spoliated evidence. Since the inspection, the throttle body has been sitting in a sealed box in Plaintiffs' counsel's possession and is ready to be shipped out. (See **Exhibit B**, a photograph of the sealed box with the throttle body ready to be shipped.)

Defendant has made multiple requests to Plaintiffs' counsel for the subject throttle body to be sent to California for expert inspection and trial. Defendant requested that the throttle body be sent to California for expert inspection at the site inspection, and again in multiple phone calls and correspondence. (See **Exhibit A**, true and correct copies of correspondence dated January 21, 2014, January 20, 2014, January 17, 2014, and November 5, 2013 to Plaintiffs' counsel requesting that the

3
DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR DEFENDANT'S MOTION TO COMPEL TO PRODUCE THROTTLE BODY IN CALIFORNIA FOR EXPERT INSPECTION AND TRIAL

CSY/ACCUFAB/RUSSO/MTC_THROTTLE_BODY

1  throttle body be sent to California for expert inspection.)

2  During the site inspection, Plaintiffs' counsel was aware that the throttle body needed to be shipped to California for inspection, but has since then never responded to the multiple follow-up requests.

3  Accordingly, Defendant is forced to bring a motion to compel, and since the earliest hearing date is after the deadline to hear motions, and disclosure of experts is in two weeks, Defendant had no choice but to file this *ex parte* application.

### III. DEFENDANT'S EX PARTE APPLICATION SHOULD BE GRANTED SINCE DEFENDANT ATTEMPTED TO MEET AND CONFER WITH PLAINTIFFS, BRINGS THE MOTION TO COMPEL IN GOOD FAITH, AND PROMOTES JUSTICE AND PREVENTS PREJUDICE TO DEFENDANT BY ALLOWING THE PRODUCT AT THE BASIS OF PLAINTIFFS' PRODUCT LIABILITY CLAIM TO BE INSPECTED BY DEFENDANT'S EXPERT

Plaintiffs allege that the throttle body is defective, and as such, Defendant is entitled to inspect the product. FRCP Rule 34.

Defendant has requested to inspect the throttle body by having it shipped to California, where the case is being heard. Defendant's expert is located in Los Angeles and requires use of special equipment, including the use of an electron microscope.

However, Plaintiffs have refused to send the throttle body to California after two and a half months of making continued requests.

Clearly, it seems that Plaintiffs hope that their continued withholding of the throttle body will preclude Defendant's defense.

In the event this motion is not granted, Defendant will be greatly prejudiced by having to defend a case for an alleged defective product that it never had properly inspected, and by having its expert excluded for not being properly disclosed since the

expert needs to first inspect the throttle body.

Without such inspection, aspects of Defendant's defense are lost.

Furthermore, expert disclosures are due on February 3, 2014, and Defendant's expert requires an inspection of the throttle body before any report may be produced. Thus, the subject matter of this motion requires urgency.

Therefore, since Plaintiffs have failed to produce the throttle body for inspection, Defendant seeks judicial intervention in the interest of justice to allow the throttle body to be inspected in California and be present for trial.

If this *ex parte* application is not granted, Defendant will be greatly prejudiced by having to defend a case for an alleged defective product without proper inspection.

## IV. CONCLUSION

For the reasons stated above, Defendant requests that this Court grant its *ex parte* application to shorten time to hear its Motion to Compel Plaintiffs to produce the subject throttle body to California for expert inspection and trial.

DATED: January 23, 2014

PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP

By: *Danielle Lincors /S/*
DANIELLE LINCORS
Attorneys for Defendant,
ACCUFAB. INC.

# DECLARATION OF DANIELLE LINCORS

I, DANIELLE LINCORS, declare:

I am an attorney, duly licensed to practice law in all the courts of the State of California, and am a partner in the law firm of Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz LLP, attorneys of record for DEFENDANT, ACCUFAB, INC. As such, I have personal knowledge of the files and pleadings in this matter, as well as the facts stated below. If called upon as a witness, I could and would competently testify as follows:

1. On August 26, 2009, at Ohio Valley Raceway, Plaintiff Richard Russo drove his drag car into a wall. Plaintiffs allege that the crash was caused by a defective throttle body manufactured by Defendant.

2. On May 16, 2012, Plaintiffs filed a complaint against Defendant in California State Court. On June 27, 2012, this case was removed to the U.S. District Court, Central District of California, based on diversity jurisdiction.

3. On November 1, 2013, Defendant went to Kentucky for a site inspection and inspected the subject vehicle and throttle body. The throttle body was disassembled. Defendant discovered that Plaintiff spoliated evidence. Since the inspection, the throttle body has been sitting in a sealed box in Plaintiffs' counsel's possession and is ready to be shipped out. (See **Exhibit B**, attached is a true and correct copy of a photograph of the sealed box with the throttle body ready to be shipped.)

4. Defendant has made multiple requests to Plaintiffs' counsel for the subject throttle body to be sent to California for expert inspection and trial. Defendant requested that the throttle body be sent to California for expert inspection at the site inspection, and again in multiple phone calls and correspondence. (See **Exhibit A**, true and correct copies of correspondence dated January 20, 2014, January 17, 2014,

1
DECLARATION OF DANIELLE LINCORS

1  and November 5, 2013 to Plaintiffs' counsel requesting that the throttle body be sent
2  to California for expert inspection.)

3      5.    During the site inspection, Plaintiffs' were made aware that the throttle
4  body needed to be shipped to California for inspection, but has since then never
5  responded to the multiple follow-up requests.

7  I declare under penalty of perjury under the laws of the State of California that
8  the foregoing is true and correct, and that this declaration is executed on
9  <u>Jan 23, 2014</u>, at Long Beach, California.

*Danielle Lincors /S/*
_____
DANIELLE LINCORS

**PROOF OF SERVICE**
*Russo v. Accufab, Inc.*
*Case No. EDCV12-1032 VAP (OPx)*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action. My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

  On January 23, 2014, I served the foregoing document described as **DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE THROTTLE BODY IN CALIFORNIA FOR EXPERT INSPECTION AND TRIAL ;[PROPOSED] ORDER THEREON** interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

  SEE ATTACHED SERVICE LIST

☐  **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐  **(By Personal Service)** I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By ECF)** I hereby certify that I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants listed on the attached sheet.

☒  **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed on January 23, 2014, at Long Beach, California.

               ***Amy Erdman /s/***
               AMY ERDMAN

*Russo v. Accufab, Inc.*
*Case No. EDCV12-1032 VAP (OPx)*
**SERVICE LIST**

| | |
|---|---|
| Daniel Sheldon, Esq.<br>Scolinos, Sheldon & Nevell<br>301 North Lake Avenue, 7th Floor<br>Pasadena, CA 91101 | ***Attorneys for Plaintiff***<br><br>Telephone: (626) 793-3900<br>Fax: (626) 568-0930<br>*dsheldon@SSNlaw.com* |
| David Strite, Esq.<br>Andrew Pellino, Esq.<br>O'Bryan, Brown, & Toner<br>455 South 4th Street<br>Louisville, KY 40202 | ***Attorneys For Plaintiff, Pro Hac Vice***<br><br>Telephone: (502) 585-4700<br>Fax: (502) 585-4703<br>*pellinoa@obtlaw.com* |